

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EASTCO INTERNATIONAL CORPORATION, AMERICAN CAPITAL EQUIPMENT LLC,<br><br>Plaintiffs,<br><br>v.<br><br>TECMA BAJA LLC,<br><br>Defendant. | Case No.: 3:18-cv-0308-BEN-RBB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, DOC. 5** |

Plaintiffs Eastco International Corp. and American Capital Equipment LLC filed this lawsuit against Defendant Tecma Baja LLC for breach of an alleged oral contract relating to the management of a maquiladora plant in Tijuana, Baja California, Mexico. Tecma moves to dismiss the Complaint for *forum non conveniens* under 28 U.S.C. § 1404(a). Doc. 5. The motion is **GRANTED**.

# I. BACKGROUND[1]

Plaintiff Eastco is an Illinois Corporation, and Plaintiff American Capital is a Missouri Limited Liability Company (collectively, "Plaintiffs"). Defendant Tecma is a Nevada Limited Liability Company headquartered in El Paso, Texas with a local office in San Diego, California. All three companies conduct business in Mexico.

In April 2007, a California corporation called Made in Mexico contracted with Plaintiffs to provide management services under a Management Services Agreement ("the 2007 Agreement"). In relevant part, the 2007 Agreement provided:

> F. This Agreement shall be governed by the laws of the State of California. Any dispute arising out of or relating to its validity, interpretation, enforceability or breach, and/or any other claim or controversy arising out of the relationship hereby created . . . shall be submitted to arbitration in San Diego, California pursuant to Schedule 2 hereof and the decision of any such arbitrator shall be binding upon the parties.
>
> G. No party to this Agreement shall institute any judicial proceeding against any other party to enforce any right hereunder, except that any party may institute litigation to (i) enforce its rights of arbitration hereunder; or (ii) to confirm and have judgment entered upon any arbitration award issued.

Doc. 6-2, p. 21-22, ¶ 17.Miscellaneous.F-G. Tecma later purchased Made in Mexico and its two subsidiaries.

On September 10, 2015, Tecma orally contracted with Plaintiffs to provide management services for Plaintiffs' maquiladora plant located in Tijuana, Mexico.[2] Under

---

[1] The Court accepts as true the facts alleged in Plaintiffs' Complaint, Doc. 1. *See Vivendi SA v. T–Mobile USA, Inc.*, 586 F.3d 689, 691 n. 3 (9th Cir. 2009); *see also Aguas Lenders Recovery Group v. Suez, S.A.*, 585 F.3d 696, 697 (2d Cir. 2009) (accepting the facts alleged in the complaint as true where the case was dismissed on *forum non conveniens* grounds without a factual hearing).

[2] A maquiladora is a factory in Mexico run by a foreign company and exporting its products to the country of that company.

the oral contract, Tecma agreed that none of the services, responsibilities, or fees originally provided or charged by Made in Mexico would change under Tecma's new ownership.

In late October of 2015, Plaintiffs' Tijuana plant was vandalized, rendering it inoperable. Plaintiffs allege that Tecma breached the parties' oral contract by, in part, failing to help Plaintiffs continue operating the plant and by failing to manage the insurance claim for the losses. Plaintiffs filed the present lawsuit for Tecma's alleged breach of the oral contract. Tecma now moves to dismiss for forum non conveniens, contending that the lawsuit should be pursued in Mexico.

## II. DISCUSSION

Federal district courts have discretion to dismiss an action under the doctrine of forum non conveniens. *Am. Dredging Co. v. Miller*, 510 U.S. 443, 447-48 (1994). Dismissal is appropriate only if the defendant establishes "(1) the existence of an adequate forum, and (2) that the balance of private and public interest factors favors dismissal." *Bos. Telecomms. Grp., Inc. v. Wood*, 588 F.3d 1201, 1206 (9th Cir. 2009).

### A. Adequacy of the Forum

As the movant, Tecma bears the burden of demonstrating that an alternative forum exists and that it is adequate. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 n. 22 (9th Cir. 2000). An alternative forum is available where (1) the defendant is amenable to service of process and (2) the forum provides "some remedy" for the wrong at issue. *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1143 (9th Cir. 2001). "This test is easy to pass; typically, a forum will be inadequate only where the remedy provided is so clearly inadequate or unsatisfactory, that it is no remedy at all." *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1178 (9th Cir. 2006).

Tecma argues that Mexico is an adequate forum under both factors. The Court agrees. First, Tecma is amenable to process in Mexico because of Tecma's business operations there, as well as its agreement to accept service and submit to jurisdiction there. Doc. 5-1, p. 8. Second, Mexico provides an adequate remedy for Plaintiffs' breach of contract action. Plaintiffs are commercial agents doing commercial acts in Mexico through

3

their maquiladora plant. *See* Doc. 5-3, §§ 1, 3, and 75 of the Mexican Commercial Code. Accordingly, Plaintiffs can bring suit in Mexican courts for their contract dispute. Because (1) Tecma agrees to submit to Mexican jurisdiction and (2) recourse in Mexican courts is available to Plaintiffs for their contract dispute, Mexico is an adequate alternative forum. *See also Loya v. Starwood Hotels & Resorts Worldwide, Inc.*, 583 F.3d 656, 664 (9th Cir. 2012) (concluding Baja California Sur, Mexico provided an adequate forum despite the less generous remedies available there for the same type of action because the defendants agreed to accept service, submit to jurisdiction, and waive any statute of limitations defenses).

### B. Plaintiffs' Choice of Forum

Next, the Court considers Plaintiffs' choice to file their lawsuit in California. "Although a plaintiff is generally entitled to deference in its choice of forum, especially if the plaintiff is a U.S. citizen or resident, that deference is far from absolute." *Ayco Farms, Inc. v. Ochoa*, 862 F.3d 945, 949-50 (9th Cir. 2017). "A U.S. citizen plaintiff is entitled to less deference in his choice of forum if he does not reside in that forum." *Id.*; *see also, Gemini Capital Grp., Inc. v. Yap Fishing Corp.*, 150 F.3d 1088, 1091-92 (9th Cir. 1998) (giving less deference to U.S. citizens' choice of Hawaii forum because they were not Hawaii residents). Here, neither of the plaintiffs is a California resident or even maintains an office in California. Indeed, the only party with any California connection is the movant, Tecma, which maintains a local office there. Accordingly, the Court views Plaintiffs' choice of forum with skepticism. *See id.* at 950 (viewing plaintiff's choice of forum with skepticism where plaintiff's contacts with California were limited to selling in California and opening an office there during the same month as oral argument on the defendants' motion to dismiss). "For a U.S. citizen's choice of forum to be rejected, the private and public interest factors must strongly favor trial in a foreign country." *Id.* Therefore, the Court turns next to weighing those factors.

## C. Balance of Private Interest Factors

In a typical forum non conveniens motion, a district court "must evaluate the convenience of the parties and various public interest considerations." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 62 (2013). "The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which represents the parties' agreement as to the most proper forum." *Id.* Where the parties have agreed to a valid forum selection clause, it "should be given controlling weight in all but the most exceptional cases." *Id.* at 63.

Plaintiffs contend that a valid forum selection clause exists designating the Southern District of California as the agreed upon forum, and thus, it should be given controlling weight. Specifically, Plaintiffs point to the following provision from the 2007 Agreement between Plaintiffs and Made in Mexico:

> This Agreement shall be governed by the laws of the State of California. Any dispute arising out of or relating to its validity, interpretation, enforceability or breach, and/or any other claim or controversy arising out of the relationship hereby created . . . shall be submitted to arbitration in San Diego, California pursuant to Schedule 2 hereof and the decision of any such arbitrator shall be binding upon the parties.

Doc. 6-2, p. 21-22, ¶ 17.Miscellaneous.F. Setting aside the issue of whether Tecma can be bound by the 2007 Agreement to which it is not a party, the Court rejects Plaintiffs' position because the identified clause is *not* a forum-selection clause; it is a choice of law provision coupled with a mandatory arbitration provision. Despite Plaintiffs' attempts to characterize Paragraph F as including a "forum selection . . . clause," Paragraph F does not reflect the parties' agreement to *litigate* their disputes in the Southern District of California. Doc. 6, p. 2. Rather, it reflects the parties' agreement to pursue their disputes in arbitration in San Diego. Accordingly, there is no valid forum selection clause to give controlling weight. *Cf. Atlantic Marine*, 571 U.S. at 63-64.

Because no forum selection clause exists, the Court turns to the remaining private interest factors. The factors to be weighed in a forum non conveniens inquiry are:

5

"(1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Bos. Telecomms. Grp., Inc. v. Wood,*, 588 F.3d 1201, 1206–07 (9th Cir. 2009). The Court considers each factor in turn.

1. Residence of & Convenience to the Parties and Witnesses

As a threshold matter, Plaintiffs urge the Court to compare the convenience of Mexico with that of the entire United States. That comparison, however, is improper. "It would indeed be difficult for a district court to consider all of the practical problems that make trial of a case easy, expeditious and inexpensive . . . if it were required to consider the United States as a whole." *Ayco Farms, Inc. v. Ochoa*, 862 F.3d 945, 949 (9th Cir. 2017). Instead, the proper comparison is between "the proposed foreign forum [and] the forum that the plaintiff actually chose." *Id.* Accordingly, the Court compares the burdens and benefits of litigation in Mexico with those in the chosen forum of California, rather than the United States, as a whole.

First, the Court considers the parties' and witnesses' residences. Plaintiff Eastco is an Illinois Corporation doing business in Illinois and Mexico. Plaintiff American Capital is a Missouri Limited Liability Company doing business in Illinois and Mexico. Defendant Tecma is a Nevada Limited Liability Company doing business in El Paso, Texas, San Diego, California, and Mexico. Thus, neither plaintiff resides in California, all of the parties do business in Mexico, and only the defendant has an office in California, weighing in favor of dismissal.

As to the location and importance of non-party witnesses, the parties' evidence and arguments are limited. Plaintiffs emphasize that Made in Mexico, the company that signed the 2007 Agreement and was later acquired by Tecma, is a California corporation. Meanwhile, Tecma points to the plant's manager, Jorge Venzor, as a key witness in Mexico. Although Tecma argues that many witnesses are located in Mexico, Mr. Venzor

is the only witness Tecma identifies by name. Tecma further argues that many of the former employees of Plaintiffs and of Made in Mexico's subsidiaries are located in Mexico, not California. Because Tecma's identification of witnesses is limited to Mr. Venzor and unknown employees, this factor weighs only slightly in favor of dismissal.

As to the fourth factor, Tecma concedes that whether it could compel Mr. Venzor and other former employees to testify outside of Mexico remains unclear. Therefore, this factor is neutral.

Regarding the cost of bringing witnesses to trial in California versus Mexico, this factor weighs in favor of dismissal. To be sure, San Diego's close proximity to the Mexican border and Tijuana is a relevant consideration. However, even if all Mexican witnesses consented to testify in California, travel to California from Mexico does pose logistical and financial burdens. Because Plaintiffs do not offer any argument on behalf of their witnesses, the Court is unclear about the extent to which those burdens would likewise impact witnesses traveling to Mexico, rather than to California. As already discussed, Tecma is the only party with an office in California. Plaintiffs, on the other hand, have already consented to travel from the middle of the United States – Missouri and Illinois – to California. Thus, the Court is not persuaded that the burden of flying Plaintiffs and their witnesses a bit further south to Mexico would be significantly more inconvenient or expensive. This factor weighs in favor of dismissal.

### 2. Evidentiary Considerations

Next, the Court considers the "access to physical evidence and other sources of proof." *Bos. Telecomms. Grp., Inc. v. Wood*, 588 F.3d 1201, 1206 (9th Cir. 2009). Notably, the major events giving rise to the parties' dispute occurred in Mexico, including the parties' negotiation of the alleged oral contract, the obligations under the alleged oral contract to provide management services at the Tijuana maquiladora, and the alleged breach of that contract. Moreover, Plaintiffs' allege that as a result of the breach, they were forced to conduct "[a]n expensive and time consuming procedure" in Mexico called a "terceria," which "was required to prove that all the equipment, inventory, work in process,

7

records, etc. were [their] property." Doc. 6, ¶ 37. Additionally, Plaintiffs contend they had to hire independent counsel in Mexico to prove ownership and satisfy the labor court. Nonetheless, Tecma offers no evidence that any witness to the numerous events in Mexico is unwilling to testify in California. Thus, those sources of evidence, despite their strong connection to Mexico, do not tip the scales in either direction.

Turning to physical evidence, Plaintiffs' damaged equipment and the maquiladora plant – both central to the parties' dispute – are located in Mexico. Accordingly, this factor does weigh in favor of dismissal.

### 3. Enforceability of the Judgment

This factor is neutral. Neither party argues that enforcing a judgment in either forum would be problematic. Indeed, Tecma concedes that both California and Texas, where Tecma's principal office is located, adopted the Uniform Forum-Country Money Judgments Recognition Act. *See* Cal. Code. Civ. Pro. §§ 1713 *et seq.*; Tex. Civ. Prac. & Rem. Code. § 36A.001 *et seq.*

### 4. Other Practical Considerations

Importantly, related litigation is ongoing in Mexico. *See* Doc. 1, ¶ 37 ("the mater [sic] remains in litigation in Mexico."). Therefore, a significant number of the same witnesses will likely be needed in both proceedings, and much of the same evidence will likely need to be presented to both courts. Accordingly, this factor strongly favors dismissal. *See Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1147 (9th Cir. 2001) (relying on "the existence of . . . related proceedings" in a foreign forum as a factor favoring dismissal).

### D. Balance of Public Interest Factors

Next, the Court considers the public interest factors: "(1) administrative difficulties flowing from court congestion; (2) imposition of jury duty on the people of a community that has no relation to the litigation; (3) local interest in having localized controversies decided at home; (4) the interest in having a diversity case tried in a forum familiar with the law that governs the action; [and] (5) the avoidance of unnecessary problems in

8

conflicts of law." *Loya v. Starwood Hotels & Resorts Worldwide, Inc.*, 583 F.3d 656, 664 (9th Cir. 2009).

Tecma contends that, as to the first factor, the Southern District of California "has an infamously busy docket," which weighs in favor of dismissal. Doc. 5-1, p. 13. As to the local interest factor, Tecma argues that San Diego's interest in the lawsuit is minor, at best. Indeed, Tecma is the only party with any San Diego connection, and that connection is not a compelling one: Tecma is a Nevada company operating primarily in Texas and Mexico but with a local San Diego office. Plaintiffs respond that Tecma has a local office in San Diego because it manages maquiladora plants in Tijuana, which then produce items for sale in the United States by American companies, thereby establishing San Diego's local interest. Doc. 6, p. 9. Plaintiffs overstate San Diego's interest, however, because the dispute in this case does not involve the actual products for sale in the United States produced by the maquiladoras. Instead, the dispute surrounds Tecma's management (or lack thereof) of the maquiladora plant *in Mexico* under an oral contract entered *in Mexico*.

Conversely, Mexican courts do have an interest in this case because it involves resident witnesses and American businesses that regularly conduct business in Mexico. Further, Mexican citizens will not be burdened by the dispute's resolution in Mexico because Mexican courts do not use jury trials for commercial disputes like this one. In contrast, the Court cannot justify burdening California jurors with the present litigation because most of the alleged events constituting the creation and breach of the oral contract at issue took place in Mexico among non-Californian parties. *See, e.g., Loya*, 583 F.3d at 665 (affirming district court's finding of "no cause to burden Washington jurors with this litigation given that most of the allegedly wrongful conduct took place in Mexico and among non-Washington defendants").

As to the fourth factor, which considers the interest in having a diversity case tried in a forum familiar with the law that governs the action, Tecma argues this lawsuit's resolution will require consideration of Mexican law in several important respects. Specifically, Mexican law is implicated because the operation of Plaintiffs' business in

9

Mexico required employing personnel in Mexico, paying taxes in Mexico, and importing and exporting material and equipment to and from Mexico. *See* Doc. 1, ¶¶ 31, 33-34, 37. Thus, the Court must consider Mexican law to determine whether Tecma complied with the duties to which it allegedly agreed under the oral contract.

Plaintiffs respond that this factor must weigh in their favor because of the 2007 Agreement's choice of law provision, requiring the contract to be "governed by the laws of the State of California." Doc. 6, p. 10. However, even if California law should apply to the issues in this litigation, a Mexican tribunal is competent to decide questions of American law, including that of California. *See Cheng v. Boeing Co.*, 708 F.2d 1406, 1411 (9th Cir. 1983) (finding no error in district court's conclusion that a Taiwan tribunal is competent to decide questions of American law, should it apply). Plaintiffs do not offer any evidence showing otherwise.

To be sure, under certain circumstances, California law's application to Plaintiffs' claims could weigh in favor of this Court retaining jurisdiction. For example, in *Zipfel v. Halliburton Co.*, 832 F.2d 1477, 1486 (9th Cir. 1987), the plaintiffs brought a claim under the Jones Act, which, where applicable, precluded forum non conveniens dismissal. Thus, the *Zipfel* court needed to make an initial choice of law determination on whether the Jones Act applied. In contrast, here, "there is no arguably applicable law that would end the forum non conveniens inquiry, so no potentially dispositive choice of law determination need . . . be[] made." *Lockman Foundation v. Evangelical Alliance Mission*, 930 F.2d 764, 771 (9th Cir. 1991). "Consequently, the applicability of United States law to various causes of action should ordinarily not be given conclusive or even substantive weight." *Gemini Capital Group, Inc. v. Yap Fishing Corp.*, 150 F.3d 1088, 1092 (9th Cir. 1998). Plaintiffs offer no authority to the contrary. Accordingly, the Court finds this factor only slightly favors retaining jurisdiction.

### IV. CONCLUSION

In light of the previous factors, the Court finds dismissal is appropriate because (1) Mexico is an adequate alternative forum, (2) the nucleus of Plaintiffs' case is where the

oral contract was allegedly entered and carried out, and (3) on balance, the public and private factors strongly favor dismissal. Accordingly, Tecma's motion to dismiss is **GRANTED**, and the entire action is **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

Date: November 14, 2018

HON. ROGER T. BENITEZ
United States District Judge